OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HARRISON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HARRISON
2017 OK 61
Case Number: 6390
Decided: 06/26/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 61, __ P.3d __

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
Amy Elizabeth Harrison, Respondent.

¶0 ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR
ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Before this Court is the affidavit of the respondent, Amy Elizabeth Harrison, filed pursuant to Rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, requesting that she be allowed to resign her membership in the Oklahoma Bar Association (OBA) and relinquish her right to practice law. The OBA moves that this Court approve this resignation.

¶2 The respondent was admitted to membership in the Oklahoma Bar Association on September 30, 1999. On February 17, 2017, she submitted her affidavit of resignation pending a disciplinary proceeding.

¶3 The respondent acknowledges she is aware there are proceedings involving allegations that there exist grounds for discipline, specifically as follows. In Count I, the Bar Association alleges that the respondent improperly by live telephone, and in person solicited Tyler Williams for employment in his personal injury case, while he was hospitalized for his injuries. She represented to him that she had obtained his name and information from a "Christian" organization, which conveyed to her that he needed to have legal questions answered. She had him sign a contingency fee contract on June 17, 2014, and he remained hospitalized until his discharge on June 20, 2014. The organization called "Victim's Hope" was created, established, organized and controlled by the respondent as a means to solicit business for her. She paid the employee of Victim's Hope to recommend her services and to forward information regarding prospective clients. Count II alleges that from approximately 2008 through 2012 the respondent improperly obtained Department of Public Safety media emails by establishing and controlling fictitious media outlets solely for the purpose of obtaining and forwarding accident report information to employee(s) of her law firm in order to solicit professional employment. Count III alleges that she obtained confidential accident report information for the purpose of making a commercial solicitation in violation of 47 O.S.2011, § 40-102. The allegations would constitute violations of Rules 1.16(a), 7.2(b), 7.3(a), 8.4(b), and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch. 1, app. 3-A and Rule 1.3, RGDP.

¶4 The respondent acknowledges that she is aware that a disciplinary proceeding is currently pending before this Court in State ex rel. Oklahoma Bar Ass'n v. Amy Elizabeth Harrison, OBAD 2094, SCBD 6390, and that these proceedings were filed pursuant to Rule 8.1 of the RGDP.

¶5 The respondent's affidavit regarding her resignation pending disciplinary proceedings states:

a. Her resignation is freely and voluntarily given without coercion or duress, and she is aware of the consequences of submitting her resignation;

b. She is aware of the grievance, OBAD 6390, filed against her, that the OBA has the burden of proving the allegations against her, and that approval of her resignation is discretionary with this Court;

c. She is familiar with and agrees to comply with Rule 9.1 of the RGDP and acknowledges and agrees, as a prerequisite to reinstatement, to comply with Rule 11 of the RGDP and that she will make no application for reinstatement prior to the expiration of five (5) years from the effective date of the order approving this Resignation Pending Disciplinary Proceedings;

d. She acknowledges that the Client Security Fund may receive claims from her former clients and agrees to reimburse the Fund for the principal amounts and statutory interest for claims which it approves and pays as a prerequisite to her reinstatement to the practice of law;

e. She acknowledges that the OBA has incurred costs in the investigation of the disciplinary proceeding against her and that the OBA will recommend that the imposition of costs against her be paid; and

f. She has surrendered her OBA membership card to the Office of the General Counsel.

¶6 Pursuant to Rules 8.1 and 8.2 of the RGDP, this Court finds:

a. The respondent's resignation from the OBA is freely and voluntarily tendered without coercion or duress, and she is fully aware of the consequences of submitting her resignation;

b. The respondent is subject to discipline by this Court under Rule 6 of the RGDP and has knowingly waived her right to appear before this Court to show cause why she should not be disciplined;

c. The respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1 of the RGDP and should be accepted;

d. The OBA has sought payment of the costs incurred in the investigation of this matter; and

e. The respondent's OBA number is 17933 and her official roster address, as shown by OBA records, is Amy Elizabeth Harrison, P.O. Box 3635 McAlester, Oklahoma 74502.

¶7 IT IS THEREFORE ORDERED that the OBA's application is approved and the respondent's resignation is accepted and effective upon the filing of this order in the Office of the Clerk of the Appellate Courts.

¶8 IT IS FURTHER ORDERED that the respondent's name be stricken from the Roll of Attorneys and that she make no application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this order. See RGDP, Rules 8.2 and 11.1.

¶9 IT IS FURTHER ORDERED that the respondent shall notify all of her clients having legal business pending with her of her inability to represent them and of the necessity for promptly retaining new counsel by certified mail within twenty days pursuant to Rule 9.1 of the RGDP. The respondent is also ordered to return all client files and refund unearned fees. As a condition of reinstatement, the respondent shall reimburse the Client Security Fund for any monies expended because of her malfeasance or nonfeasance. See RGDP, Rule 11.1(b).

¶10 IT IS FURTHER ORDERED that respondent shall pay costs of these proceedings in the amount of $7,719.09, within ninety days of the filling of this order in the Office of the Clerk of the Appellate Courts.

¶11 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this day 26th of JUNE, 2017.

/s/Chief Justice

ALL JUSTICES CONCUR.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.